### DAVID KITCKEN v. THE STATE.
#### *No. 7087. Decided June 25.*

1. **Perjury—"Credible" Witness.**—Under the statute of this State a conviction for perjury can not be had except upon confession by the accused in open court, or upon the testimony of at least two credible witnesses, or of one credible witness strongly corroborated by other evidence, as to the falsity of the statement under oath assigned as perjury. A "credible" witness is one who, being competent to give evidence, is worthy of belief. The single witness who testified to the falsity of the statement under *oath assigned as perjury in this case was not only impeached as to his general reputation for truth and veracity, but was directly contradicted by the testimony of an unimpeached, disinterested witness. Moreover, if corroborated at all, such corroboration was incidental merely, and not directly upon the issue in the case. Under such circumstances the witness was not a "credible" witness, nor was his testimony *strongly* corroborated within the meaning of the statute, and hence this conviction was not supported by evidence.

2. **Same—Charge of the Court.**—Under the state of proof above disclosed the defense requested, but the trial court refused, to instruct the jury in effect that if they believed from the evidence that the witness Milligan was not a credible witness, that is, not worthy of belief, they should acquit defandant. *Held,* error.

3. **Same.**—Over the objections of the defendant the witness Hill was permitted to testify to certain acts and declarations of the prosecuting witness Milligan, which said evidence did not tend to corroborate the witness Milligan nor otherwise to elucidate the issue on trial. *Held,* error.

APPEAL from the District Court of Victoria. Tried below before Hon. H. C. Pleasants.

This is the second appeal prosecuted by the appellant from conviction for perjury, the penalty, as on the former conviction, being a term of five years in the penitentiary. Practically the same proof was adduced on the two trials, and will be found fully summarized in the report of the first appeal, beginning on page 165 of the 26th volume of these Reports.

*J. L. Hill* and *A. S. Thurmond,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—But one witness, Berry Milligan, testified to the

falsity of defendant's statement. His testimony was directly contradicted by that of the defendant, and by that of an unimpeached and disinterested witness. His credibility was also impeached by proof that his general reputation for truth and veracity was bad. He was not a *credible* witness. A credible witness "is one who, being competent to give evidence, is worthy of belief." Bouv. Law Dic. His testimony, if corroborated at all, was not *strongly* corroborated as to the falsity of defendant's statements assigned as perjury. There is some evidence tending to show that Milligan did not kill his stepfather, and while such evidence was admissible, perhaps, as a circumstance in support of an inference that he did not tell the defendant that he had committed the crime, when in fact he had not committed it, such circumstance is to our minds weak, and falls far short of *strong* corroboration. It is as reasonable to suppose that he told the defendant a falsehood as that defendant would testify to a falsehood. We think the evidence is wholly insufficient to warrant the conviction. Code Crim. Proc., art. 746; Willson's Crim. Stat., secs. 310, 311; Anderson v. The State, 24 Texas Ct. App., 705; Wilson v. The State, 27 Texas Ct. App., 47; Maines v. The State, 26 Texas App., 14.

We think, moreover, that the court should have instructed the jury as requested by defendant, that if they believed from the evidence that the witness Milligan was not a credible witness, that is, not worthy of belief, they should acquit the defendant. Smith v. The State, 22 Texas Ct. App., 196.

We think material error was committed in admitting the testimony of the witness Hill as to the acts and declarations of the witness Milligan. This testimony was not admissible for any purpose. It did not corroborate the testimony of Milligan as to the falsity of defendant's alleged statements. It tended merely to explain certain circumstances which, unexplained, created suspicion that Milligan had murdered the deceased Jones.

We think it unnecessary to determine other questions presented, as they are not likely to occur on another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.